## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

GAIL A. HERHOLD,

     Plaintiff,

                             Case No. 13-14685

v.

                         HONORABLE DENISE PAGE HOOD

GREEN TREE SERVICING, LLC,

     Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S
## MOTION TO DISMISS, DENYING PLAINTIFF'S MOTION TO AMEND
## AND DISMISSING ACTION WITH PREJUDICE

## I.  BACKGROUND

On November 12, 2013, Defendant Green Tree Servicing, LLC ("Green Tree")

removed this Third Party Complaint filed by Plaintiff Gail A. Herhold ("Herhold")

before the 67-4th District Court, State of Michigan, alleging two counts: Illegal

Foreclosure in Violation of M.C.L. §§ 600.3204, 3205a and 3205c (Count I) and

Breach of Mortgage Contract (Count II).

Herhold obtained a mortgage from Quicken Loans, Inc. on November 16, 2004

for her home in Swartz Creek, Michigan in the amount of $116,000 which was

transferred to Green Tree.   (Comp., ¶¶ 6-7) Herhold was granted a permanent

modification on her loan in May 2012. (Comp., ¶ 9) She made payments under the modification agreement until September or October 2012, and has not since made any payments. (Comp., ¶ 10) Green Tree began foreclosure proceedings on November 13, 2013, but Herhold did not learn of the proceedings until she saw a notice posted to her door in January 2013. (Comp., ¶¶ 12-14)

Green Tree asserts it sent a statutory notice under M.C.L. § 600.3205a to Herhold, but she did not respond to the notice or request a meeting with Green Tree. (Motion, Exs. E and F) Foreclosure proceedings were commenced, the notice posted on Herhold's front door on January 2, 2013 and published the notice in the Legal News for four consecutive weeks beginning December 19, 2012. (Motion, Ex. F) Green Tree Servicing purchased the property at a sheriff's sale on January 16, 2013 and recorded the sheriff's deed with the Genesee County Clerk. (Motion, Ex. F) Green Tree Servicing conveyed its interest in the property to Federal National Mortgage Association ("Fannie Mae"), subject to Herhold's statutory right of redemption. (Motion, Ex. G) The redemption period expired on July 16, 2013 and Herhold did not redeem the property. (Motion, Ex. F)

Fannie Mae filed summary eviction proceedings before the 67-4th District Court on July 18, 2013. The instant Third-Party Complaint was then filed by Herhold against Green Tree on August 15, 2013, collaterally attacking the foreclosure action.

2

The district court bifurcated the third-party complaint and removed the case to the Genesee County Circuit Court.  Green Tree thereafter removed the action to this Court.

This matter is now before the Court on Green Tree's Motion to Dismiss and Herhold's Motion to Amend the Complaint.  Response briefs have been filed to each motion.

## II.    ANALYSIS

### A.    Standard of Review

Rule 12(b)(6) of the Rules of Civil Procedure  provides for a motion to dismiss based on failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]  Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted).  Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563.  To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

Rule 15(a) provides that a party may amend its pleading once as a matter of course within 21 days after a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Rule 15(a)(2) further provides that a party may amend its pleading on leave of court. Leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). A

district court may deny leave to amend in cases of undue delay, undue prejudice to the opposing party, repeated failure to cure deficiencies by amendment previously allowed or futility. *Foman v. Davis,* 371 U.S. 178, 184 (1962). Delay alone, regardless of its length is not enough to bar amendment if the other party is not prejudiced. *Duggins v. Steak 'N Shake, Inc.,* 195 F.3d 828, 834 (6th Cir. 1999). Allowing an amendment after the close of discovery and dispositive motion deadline has passed creates significant prejudice because discovery would have to be reopened and the defendant must now prepare a defense for a claim quite different than the claim that was before the court. *Id.* When an amendment is sought at a late state of litigation, there is an increased burden on the moving party to show justification for failing to move earlier. *Bridgeport Music, Inc. v. Dimension Films,* 401 F.3d 647, 662 (6th Cir. 2004). If a complaint cannot withstand a motion to dismiss under Rule 12(b)(6), the motion to amend should be denied as futile. *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000).

**B.    Count I, Michigan Foreclosure by Advertisement Statute**

Green Tree asserts that Herhold's requested relief to set aside the foreclosure is not available under M.C.L. § 600.3205 or the case law. Herhold responds that she has stated a claim in that Green Tree admits certain payments were not applied to her account.

In Michigan, once the redemption period following foreclosure of a parcel real property has expired, the former owners' rights in and title to the property are extinguished. *Piotrowski v. State Land Office Bd.,* 302 Mich. 179, 187 (1942); *Goryoka v. Quicken Loan, Inc.,* 2013 WL 1104991, * 1 (6th Cir. Mar. 18, 2013)(citing, *Overton v. Mortgage Electronic Registration Systems,* 2009 WL 1507342, *1 (Mich. App. 2009)). "The right to redeem from a foreclosure sale is a statutory right that ... can neither be enlarged nor abridged by the courts." *Houston v. U.S. Bank Home Mortg. Wisconsin Servicing,* 2012 WL 5869918, * 5 (6th Cir. Nov. 20, 2012)(quoting *Detroit Trust Co. v. Detroit City Serv. Co.,* 262 Mich. 14 (1933)). Filing of a lawsuit does not toll the redemption period and once that period expired, the plaintiff lacked standing to challenge the foreclosure proceedings. *Overton,* 2009 WL 1507342 at *1. A court may consider equitable remedies only if there is a clear showing of fraud or irregularity *as to the foreclosure proceeding itself*, and not simply as to any conduct by a defendant. *Houston,* 2012 WL 5869918 at *5 (citing, *Freeman v. Wozniak,* 241 Mich. App. 633 (2000)). Michigan's foreclosure by advertisement scheme was meant to impose order on the foreclosure process while still giving security and finality to purchasers of foreclosed properties. *Conlin v. Mortg. Elec. Registration Sys., Inc.,* 714 F.3d 355, 359 (6th Cir. 2013). A plaintiff must make two showings to set aside a foreclosure action, the first being a strong case of fraud or

irregularity relating to the foreclosure proceedings itself and that the plaintiff suffered prejudice by the defendant's failure to comply with the statute, M.C.L. § 600.3204. *Id.* at 360; *Sweet Air Inv., Inc. v. Kenney,* 739 N.W.2d 656, 659 (Mich. Ct. App. 2007); *Kim v. JP Morgan Chase Bank, N.A.,* 825 N.W.2d 329, 339 (Mich. 2012).

A review of Herhold's Complaint shows no allegations of fraud, nor a strong case of fraud or any irregularity relating to the foreclosure proceedings. She does not allege that she was prejudiced because of Green Tree's failure to comply with the statute. Herhold only claims that she had no pre-foreclosure notice or that the notice was not published. As part of the record, Green Tree submitted evidence that the notice was published in the Legal News for four consecutive weeks. Under the statute and the cases set forth above, Herhold has failed to allege a strong case of fraud or irregularity to set aside the foreclosure action. Herhold's claim under the statute, M.C.L. § 600.3204, 3205 *et seq.* must be dismissed for failure to state a claim upon which relief may be granted.

### C.     Count II, Breach of Mortgage Contract

Green Tree seeks to dismiss Herhold's breach of contract claim asserting that there is nothing in the mortgage contract which requires Green Tree to accept partial payment of past amount due in order to avoid a sheriff's sale. Green Tree claims that the mortgage contract allows for acceleration of the amounts due if a party is in

default.  Herhold responds that Green Tree failed to work with her in good faith when she attempted to reinstate the mortgage loan prior to the sheriff's sale.

A plaintiff must establish the following to state a breach of contract claim: 1) that the parties entered into a valid enforceable contract that included the terms and conditions claimed by plaintiff; 2) that the defendant breached the contract; and, 3) that the defendant's breach caused a loss to the plaintiff.  *Platsis v. E.F. Hutton & Co.*, 642 F.Supp. 1277 (W.D. Mich. 1986); *Pittsburgh Tube Co. v. Tri-Bend, Inc.*, 185 Mich. App. 581 (1990).  In Michigan, the paramount goal when interpreting a contract is to give effect to the intent of the contracting parties.  *Old Kent Bank v. Sobczak*, 243 Mich. App. 57, 63-64 (2000).  The court is to read the agreement as a whole and attempt to apply the plain language of the contract itself.  *Id*.  If the intent is clear from the language of the contract itself, there is no place for further construction or interpretation of the agreement.  *Farm Bureau Mut. Ins. Co. v. Nikkel*, 460 Mich. 558, 566 (1999).  A contract provision that is clear and unambiguous must be "taken and understood in [its] plain, ordinary, and popular sense."  *Mich. Mut. Ins. Co. v. Dowell*, 204 Mich. App. 81 (1994).  Unambiguous contract provisions are not subject to interpretation and must be enforced as written.  *Id*.

In this case, the mortgage contract at issue expressly allows the lender to accelerate the payments due prior to reinstating the mortgage.  (Motion, Ex. A, ¶ 19)

8

Based on the mortgage contract, Green Tree was not required to accept partial payment in order to reinstate the mortgage and to not go forward with the sheriff's sale. Herhold has failed to sufficiently allege a plausible breach of contract claim against Green Tree.

### D.    Motion to Amend by Plaintiff

Herhold seeks to amend the Complaint to add claims that the default was not valid and that Green Tree breached the mortgage contract by providing inaccurate reinstatement amount. Herhold also seeks to amend the Complaint to add an allegation that the notice was not sent in the manner required by statute. Green Tree responds that any amendment would be futile in that the foreclosure action is complete and the redemption period has expired.

Based on the analysis above, the Court finds any amendment to the Complaint seeking to set aside the foreclosure action is futile. The redemption period has expired and Herhold has failed to allege a strong showing that fraud or any irregularity was involved in the foreclosure process.

## III.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Dismiss (Doc. No. 3) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend the Complaint

(Doc. No. 6) is DENIED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.



s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  February 28, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of
record on February 28, 2014, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

10